SO ORDERED.

SIGNED this 09 day of November, 2006.

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| HAROLD N. THOMPSON<br>GLORIA M. THOMPSON, | 05-09842-8-RDD |
|     DEBTORS | |
| HAROLD N. THOMPSON and<br>GLORIA M. THOMPSON, | |
|     Plaintiffs | ADVERSARY PROCEEDING NO. |
|     v. | D-06-00098-8-AP |
| GREENPOINT MORTGAGE<br>FUNDING, INC | |
|     Defendants | |

ORDER REGARDING SETTLEMENT
OF ADVERSARY PROCEEDING AND ATTORNEY FEES

The matter before the court is the request for approval of attorney fees by the plaintiffs' attorney in the above-captioned matter. This matter comes before the court on the court's own motion pursuant to Bankruptcy Rule 2017(b). A hearing was held in Wilson, North Carolina on October 25, 2006.

On May 22, 2006, the plaintiffs filed a complaint for violations of the automatic stay pursuant to 11 U.S.C. § 362(h)[1] and violations of prohibited acts by a debt collector pursuant to N.C.G.S. Chapter 75, Article 2, entitled "Prohibited Acts by Debt Collectors." Debtors alleged in their complaint that the defendant, Greenpoint Mortgage Funding, Inc., continued to contact them by letter and phone calls after the second mortgage lien had been stripped. Defendant did not file an answer. A settlement was negotiated. On August 17, 2006, the parties filed a motion to approve a settlement of the adversary proceeding. Attached to the motion was a synopsis of settlement, which provided that the defendant would pay to the plaintiffs the sum of $12,000.00. The amount of $6,068.02 would be disbursed to Mr. Adrian Lapas, attorney for the plaintiffs, representing a fifty-percent (50%) contingent fee of $6,000.00 and costs of $68.02. The remaining $5,931.98 would be disbursed to the plaintiffs. No application for approval of attorney fees and expenses was filed other than the proposed distribution set forth in the synopsis of settlement.

In a previous order dated September 27, 2006, the court approved the settlement of this action between the plaintiffs and the defendant in the amount of $12,000.00 and approved a partial disbursement of settlement funds in the amount of $3,540.78 to Wayne Christian School on behalf of the plaintiffs. The court further held that the remainder of the settlement funds were to be held in trust by the attorney for the plaintiffs, Mr. Adrian Lapas, pending resolution of the issue of reasonable compensation for plaintiffs' counsel.

Upon request, Mr. Lapas submitted to the court time entries for his work, which indicated that he expended 17.5 hours on this case. Mr. Lapas also submitted a letter signed by the plaintiffs agreeing to a

---

[1] The plaintiffs filed their chapter 13 petition on October 14, 2005, which was prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This section was recodified by BAPCPA as § 362(k)(1).

forty-five percent (45%) contingent fee on sums received as damages by the debtors plus any court award of attorney's fees. At the hearing of this matter, Mr. Lapas stated that he was not seeking the fifty percent (50%) contingent fee specified in the synopsis of settlement, but rather was seeking the forty-five percent (45%) contingent fee previously agreed to by his clients in writing.

Mr. Lapas argues that a forty-five percent (45%) contingent fee in cases such as these are reasonable because of the uncertainty of consumer protection cases. He indicated that attorneys do not often have sufficient information to make a determination of the merits of the case prior to filing an action. Therefore, attorneys should be awarded higher contingent rates because of the risks involved in pursuing such actions. Mr. Lapas further explained that his regular hourly rate ranges from $175.00 to $250.00 per hour depending upon the complexity of the case. Because of the complexity of consumer protection cases, Mr. Lapas stated that he would be more inclined to charge a rate in the higher end of that range. Mr. Lapas also submitted affidavits from several attorneys that supported his argument for a forty-five percent contingent fee, or in the alternative, an hourly rate of $250.00.

Mr. Lapas did not comply with 11 U.S.C. § 329, which requires filing of the fee agreement, and E.D.N.C. LBR 2016-1, which allows debtor's attorney to apply to the court for approval of non-base fees on a "time and expense" basis pursuant to 11 U.S.C. § 330. Only the synopsis of disbursements showing a fifty percent (50%) contingent fee was attached to his motion for approval of the settlement agreement.

Bankruptcy Rule 2017 gives the court authority to review the reasonableness of attorney fees paid or agreed to be paid for work performed prior to and/or after entry of an order for relief. The court not only has the authority, but an obligation to do so. Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.), 86 F.3d 364, 373 (4th Cir. 1996), cert. denied, 519 U.S. 993, 117 S. Ct. 483, 136 L. Ed. 2d 377

(1996). In this case, Mr. Lapas filed a synopsis of settlement that included a fifty percent (50%) contingent fee for which the court felt a review for reasonableness was necessary.

Section 330(a)(3) requires the court to consider the following factors when determining the reasonableness of compensation to be awarded to an attorney:

- (A) the time spent on such services;
- (B) the rates charged for such services;
- (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
- (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
- (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
- (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). This section is made applicable to attorneys for chapter 13 debtors by § 330(a)(4)(B).

Likewise, Rule 1.5(a) of the North Carolina State Bar's Rules of Professional Conduct considers the following factors in determining if the fee charged by an attorney is "clearly excessive":

- (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
- (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
- (3) the fee customarily charged in the locality for similar legal services;
- (4) the amount involved and the results obtained;
- (5) the time limitations imposed by the client or by the circumstances;
- (6) the nature and length of the professional relationship with the client;
- (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
- (8) whether the fee is fixed or contingent.

In addition, Comment [3] to Rule 1.5 states,

> Contingent fees, like any other fees, are subject to the standard of paragraph (a) of this Rule. In determining whether a particular contingent fee is clearly excessive, or whether it is reasonable to charge any form of contingent fee, a lawyer must consider the factors that are relevant under the circumstances.

The court has considered each of the factors that are applicable to this case in determining the reasonableness of the fees requested by Mr. Lapas and has several concerns.

Mr. Lapas spent 17.5 hours on this case, which would equate to an hourly rate of $342.86. This rate exceeds the hourly rate customarily allowed in this district for bankruptcy and related services. Attorneys for trustees in this district are allowed to bill at a rate of between $175 and $200 per hour, based upon years of experience. Even when the contingent fee arrangement has received prior approval, as under 11 U.S.C. § 328(a), the court is allowed to review its reasonableness in light of the outcome of the case to insure that the attorney does not receive a windfall.

> Although reducing the professional's contingent fee because the hourly rate looks high in hindsight is clearly not appropriate, when the task proves to be unexpectedly easy and the case settles at an unusually early stage, the contingent fee arrangement becomes 'improvident in light of developments not capable of being anticipated,' and should be reduced.

In re Gilbertson, 340 B.R. 618 (Bankr. E.D. Wis. 2006). In Gilbertson, the court reduced the pre-approved contingent fee arrangement to a more reasonable hourly rate because of the early and easy settlement of the case.

A fifty-percent (50%) contingent fee, as set forth in the settlement synopsis, may be reasonable under certain circumstances. Courts may approve a contingent fee depending on the specific circumstances of each

5

case, but a fifty percent (50%) contingent fee would require a showing of special circumstances, including the complexity of the proposed litigation and the record of the work done and results accomplished.

The written agreement of forty-five percent (45%) plus court-ordered fees also gives the court reason for review. For example, in this case, if the court had awarded damages of $9,000.00 and attorney fees of $3,000.00, the attorney would receive $7,050.00 and the debtor would receive $4,950.00, which equates to a contingent fee of 58.75%. The North Carolina State Bar 2002 Formal Ethics Opinion 4 (April 18, 2003), states that a lawyer may collect a contingent fee and/or a court-awarded attorney fee, but it is still subject to a reasonableness standard. Federal bankruptcy law further requires the reasonableness standard to be applied. 11 U.S.C. § 330; Bankruptcy Rule 2017. Attorney fees greater than the client's recovery may be justified under certain circumstances, but should be reviewed closely by the court.

The court also notes that 11 U.S.C. § 362(h) provided Mr. Lapas with an alternative to his contingent fee arrangement. Section 362(h) allows for the recovery of attorney fees by the prevailing party in cases where a willful violation of the automatic stay is found. Therefore, Mr. Lapas could have recovered his fees from the defendant in this case, rather than from the proceeds received by the plaintiffs. This option would have more equitably attributed the costs of the action to the wrongdoer, rather than to the party harmed.

Local Rule 2016-1 provides for a presumptive fee for standard services. Otherwise, the chapter 13 attorney may file an application for compensation and expenses on a time and expense basis. E.D.N.C. LBR 2016-1. The normal practice in the great majority of stay violation actions is to file a motion pursuant to 11 U.S.C. § 362(h). It is a rare occurrence for an attorney to seek a fee for stay violation claims on a contingent fee basis.

In cases such as this, a fifty-percent (50%) contingent rate is unreasonably high. The forty-five percent (45%) contingent fee plus court awarded fees as set forth in the written letter agreement between Mr. Lapas and the plaintiffs is also excessive in this case. Mr. Lapas did a good job and negotiated a fair settlement and should be compensated well for his services. A reasonable fee for these services, which included no court appearances on behalf of his clients, is $225.00 per hour. Therefore, the court orders an award of attorney's fees to Mr. Lapas in the amount of $3,937.50, plus reimbursement of costs of $68.02, for a total of $4,005.52. The remaining amount of $4,453.70 shall be disbursed to the plaintiffs within ten days of this order, having taken into account the previous disbursement of $3,540.78.

For future reference, if chapter 13 debtors' counsel enter into contingent fee agreements with debtors to pursue debtors' prepetition or postpetition claims that arise in or are related to the bankruptcy case, then fee agreements, which may provide for contingent fees, at a minimum, should be filed with the court pursuant to 11 U.S.C. § 329(a). Further, upon completion of the litigation, counsel should file an application, which details time, expenses and any fee agreement, and notice with the court, with service on all parties in interest, including the chapter 13 trustee and bankruptcy administrator, requesting final court approval of the application for attorney fees and expenses.

**SO ORDERED.**

**END OF DOCUMENT**